NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| H.D.V.I. HOLDING COMPANY, INC., | |
| Plaintiff, | Civ. No. 17-21 |
| v. | **OPINION** |
| CDP, LLC, | |
| Defendant. | |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion for Summary Judgment by Plaintiff H.D.V.I. Holding Co., Inc. ("Plaintiff"). (ECF No. 36.) Defendant CDP, LLC ("Defendant") opposes. (ECF No. 40.) The Court has decided this Motion based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Plaintiff's Motion is granted.

## BACKGROUND

This is a breach of contract case based on a Ground Lease ("Lease") executed on November 26, 2008 between Plaintiff as Tenant and Defendant as Landlord. (Pl.'s Statement of Undisputed Material Facts [SMF] ¶ 2, ECF No. 37; Def.'s SMF ¶ 1, ECF No. 41.)[2] Defendant

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] Defendant did not reply to each of Plaintiff's enumerated "undisputed facts" as required under Local Rule 56.1, *see* L. Civ. R. 56.1(b), but submitted the equivalent of a counterstatement of undisputed facts. This supplemental statement of facts leaves most of Plaintiff's factual

solicited Plaintiff to open a Home Depot store as the anchor in its "Island Crossing" shopping center in St. Croix. (Pl.'s SMF ¶ 1.) Relevant to the instant litigation, the Lease included "Section 22.29 Stabilization Payment" as an inducement for Plaintiff to sign the Lease, under which the Landlord would pay Tenant $1 million within thirty days of the expiration of the fifth Lease year on January 31, 2017. (Pl.'s SMF ¶ 3; Def.'s SMF ¶ 3.) Accordingly, the payment was due March 2, 2017. (Pl.'s SMF ¶ 5; Def.'s SMF ¶ 4.)

After Defendant failed to remit payment, Plaintiff submitted notice of default to Defendant on March 27, 2017, providing thirty days to cure. (Pl.'s SMF ¶ 7.) On April 17, 2017, Defendant acknowledged the notice and its own default. (*Id.* ¶¶ 9–10; *see* Def.'s SMF ¶ 5 ("CDP has conceded that the $1.0 million Stabilization Payment is due and owing.").)

On May 2, 2017, Plaintiff filed this action pleading one Count of breach of contract pursuant to section 22.29 of the Lease and seeking the $1 million stabilization payment plus pre-judgment interest at a rate of 9% per annum, as well as attorney's fees and costs. (*See generally* Compl., ECF No. 1.) This case proceeded through active discovery and was reassigned to the Honorable Anne E. Thompson on April 5, 2018. (ECF No. 33.) On April 12, 2018 a report of unsuccessful mediation was filed (ECF No. 35); that same day Plaintiff filed the instant Motion for Summary Judgment (ECF No. 36). Judge Thompson held a telephone status conference on April 13, 2018 for this matter and Civ. No. 13-118. (ECF No. 39.) On May 10, 2018 Defendant opposed (ECF No. 40), and after a joint extension of time, Plaintiff replied on June 4, 2018 (ECF No. 44). This Motion is presently before the Court.

---

assertions undisputed, and therefore, the Court uses parallel citations to convey the undisputed factual narrative underlying this action.

# LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

# DISCUSSION

Plaintiff moves for summary judgment on its singular breach of contract Count. It argues that there is no dispute of fact that Defendant committed material breach of section 22.29 of the Lease, a clear and unambiguous contract provision, by failing to remit the $1 million Stabilization Payment. (Pl.'s Br. at 1, 12, ECF No. 37.) Plaintiff also asserts that Defendant's Answer failed to comply with Federal Rule of Civil Procedure 8, neither admitting nor denying

3

allegations, and thus amounting to an admission to most of Plaintiff's allegations. (*Id.* at 7–11.) In its opposition brief, Defendant concedes that the money is due, and it has breached the Lease. (Def.'s Opp'n at 1–2, ECF No. 40.) Defendant instead asks the Court to limit Plaintiff's damages, arguing that Plaintiff is not entitled to a statutory 9% per annum interest because that is not provided for under the Lease, nor is Plaintiff entitled to attorney's fees. (*Id.* at 3–4.) In response, Plaintiff consents to Defendant's proposed interest rates and relinquishes its claim to attorney's fees in order "to facilitate the expedient resolution of this litigation and the conservation of judicial resources." (Pl.'s Reply at 2, ECF No. 44.)

A breach of contract claim has four elements; an agreement or contract, a duty created by said agreement, breach of the duty, and resulting damages. *Chapman v. Cornwall*, 58 V.I. 431, 437 (2013); *United Corp. v. Tutu Park Ltd.*, 55 V.I. 702, 707 (V.I. Super. Ct. 2011) (quoting *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 134–35 (2009)). "[W]hen the terms of a contract are unambiguous, the issue of the meaning of those terms is [a] question of law." *Day v. White*, 2015 WL 5735787, at *6 (D.V.I. Sept. 30, 2015) (citing *United Corp.*, 55 V.I. at 707). Where a contract is unambiguous and there is no factual dispute, summary judgment is appropriate. *See id.*

The essential provision in this case is section 22.29 of the Lease, which provides:

> Within thirty (30) days of the expiration of the fifth (5th) Lease Year, Landlord shall pay to the Tenant a one time cash payment in the sum of One Million Dollars ($1,000,000) (the "Stabilization Payment") as an additional incentive to the Tenant entering into this Lease.

(Pl.'s SMF ¶ 3; Ground Lease ¶ 22.29, Def.'s Ex. A, ECF No. 40-1.) As Plaintiff points out, this provision is unambiguous, and therefore, summary judgment may be awarded. Defendant boldly acknowledges and admits that "the failure of CDP to pay the Stabilization Payment when it became due is, admittedly, a breach of CDP's obligation under section 22.29 of the Lease."

4

(Def.'s Opp'n at 2.)  Accordingly, there is no dispute of material fact: Plaintiff and Defendant were bound by the Lease, Defendant owed a duty to Plaintiff under section 22.29 to make the $1 million Stabilization Payment by March 2, 2017, Defendant breached that duty in failing to do so, and Plaintiff has suffered damages in the loss of the monies.  Therefore, Plaintiff is entitled to summary judgment for breach of contract.

The Court also finds that under this binding agreement, each party is required to bear its own litigation costs and attorney's fees.  (Def.'s SMF ¶ 8; Ground Lease ¶ 22.21.)  Section 22.21 is unambiguous, and Plaintiff assents to relinquish this request as required by the Lease.  Finally, the Court finds appropriate the parties' amicable agreement, through their briefs, to apply the prime interest rate plus 2% per annum as unambiguously provided by the Lease (*see* Ground Lease, Art. XII Self Help (describing appropriate interest rate when either party defaults on an obligation imposed by the Lease)), rather than a statutory 9% per annum award.  The Court will not disturb this reasonable resolution and will calculate the pre-judgment interest due on the Stabilization Payment using the chart and rates provided by Plaintiff.  (*See* Pl.'s Reply at 2.)[3]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted.  An appropriate order will follow.

Date: June 29, 2018
                    */s/ Anne E. Thompson*
                    ANNE E. THOMPSON, U.S.D.J.

---

[3] The Court found one computation error in Plaintiff's calculations: the first period from March 31, 2017 at the 5.75% interest rate results in $4,568.49 in pre-judgment interest.  The Court also accounted for a new prime interest rate for the month of June 2018 in its own calculations.